# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK K. BOWSER**,<br><br>    Plaintiff,<br><br>  v.<br><br>**SERGEANT D. SMITH**, *et al.*<br><br>    Defendants. | Case No. 1:16-cv-01455 (TNM) |

## MEMORANDUM ORDER

Plaintiff Mark K. Bowser, an inmate at the District of Columbia Jail, sued the District of Columbia and Sergeant Douglas Smith under 42 U.S.C. § 1983. But the Court granted the District's and Sgt. Smith's motions to dismiss. *See Bowser v. Smith*, 288 F. Supp. 3d 136 (D.D.C. 2018) (*Bowser I*); *Bowser v. Smith*, 314 F. Supp. 3d 30 (D.D.C. 2018) (*Bowser II*). The Court at first found that Mr. Bowser had failed to state a claim for municipal liability but had stated a claim against Sgt. Smith. *See Bowser I*, 288 F. Supp. 3d at 144. On reconsideration, the Court determined that Sgt. Smith had a right to qualified immunity. *See Bowser II*, 314 F. Supp. 3d at 35–36.

The Court permitted Mr. Bowser to file an amended complaint, but the Court required that he file it by June 29, 2018, or his claims would be dismissed with prejudice. *Bowser II*, 314 F. Supp. 3d at 35. By July 11 Mr. Bowser had not filed his amended complaint. The Court thus dismissed the complaint with prejudice and directed the Clerk to close the case. *See* July 11, 2018, Minute Order.

Mr. Bowser now moves for relief under Federal Rule of Civil Procedure 60(b). Pl.'s Mot. for Relief from J. ("Pl.'s Mot."), ECF No. 32. He asserts that his failure to comply with the

Court's order "rises to the level of excusable neglect" under Fed. R. Civ. P. 60(b)(1), and extraordinary circumstances justify relief under Fed. R. Civ. P. 60(b)(6). *Id.* at 3–5; *id.* at 6. Out of an abundance of caution, the Court held Mr. Bowser's motion in abeyance and permitted him to file an amended complaint so that he could establish a meritorious claim. *See* October 9, 2018, Minute Order. Having now considered Mr. Bowser's motion, the pleadings, relevant law, related legal memoranda in opposition and support, and the entire record, the Court will deny Mr. Bowser's motion for relief from judgment.

## I.

While Mr. Bowser asks for relief under Rule 60(b), "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). So the Court will evaluate whether to consider Mr. Bowser's motion under the more lenient Rule 59(e) standard. *See Arabaitzis v. Unum Life Ins. Co. of Am.*, -- F. Supp. 3d --, 2018 WL 6530534, * 2 (D.D.C. Dec. 11, 2018). "As a general matter, courts treat a motion for reconsideration as originating under Rule 59(e) if it is filed within 28 days of the entry of the order at issue and as originating under Rule 60(b) if filed thereafter." *Owen-Williams v. BB&T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 121–22 (D.D.C. 2011). Mr. Bowser's motion for relief from judgment is dated July 30, 2018, less than 28 days after the Court's July 11 Minute Order dismissing the case. Thus, he is entitled to consideration under Rule 59(e) and its more forgiving standard. *See Arabaitzis*, 2018 WL 6530534 at * 2.

But even Rule 59(e) has its limits. "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Exxon Shipping v. Baker*, 554 U.S. 471,

486 n.5 (2008)). "And the moving party has the burden of proving that relief under Rule 59(e) is warranted." *Arabaitzis*, 2018 WL 6530534 at * 2. Courts may grant a Rule 59(e) motion only "(1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice." *Leidos*, 881 F.3d at 217 (cleaned up). None applies here.

## II.

Mr. Bowser has pointed to no intervening change in law or new evidence. *See* Pl.'s Mot.; Pl.'s Am. Compl., ECF No. 40. Instead, he seeks relief because he claims that his failure to comply with the Court's order to file an amended complaint by June 29, 2018, stemmed from circumstances outside his control. *See* Pl.'s Mot at 5. But the Court is convinced that Mr. Bowser alone is responsible for violating the order. And there is no manifest injustice when "a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Arabaitzis*, 2018 WL 6530534 at * 2 (quoting *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004)).

Mr. Bowser asserts that he could not comply with the Court's order because the jail suddenly moved him to a different housing unit and jail staff separated him from his property. Pl.'s Mot. at 5. He also claims that jail staff prevented him from accessing the jail's law library and his case manager. *Id*. But no convincing evidence supports his claims, and Sgt. Smith has submitted a declaration from Jennifer Postell, Department of Corrections' Program Support Specialist, refuting Mr. Bowser's allegations, *see* Postell Decl., ECF No. 34-1.

Ms. Postell acknowledges that the jail moved Mr. Bowser to a new housing block from June 19 to July 12, 2018, so that the jail could address a plumbing issue in his original housing block. *Id.* ¶ 4. But "[d]uring the move, the inmates were responsible for packing their own

3

belongings and moving them." *Id.* ¶ 5.  What is more, "Mr. Bowser lives in restrictive housing, and, as such, does not have regular access to the jail law library." *Id.* ¶ 6.  "Rather, he must submit an inmate request slip through his case manager, requesting the law librarian's assistance." *Id.*  "Mr. Bowser continued to have access to the law library through the request slip system, after being moved," *id.*, and the jail's records reflect that Mr. Bowser had access to his case manager during the move, *see id.* ¶ 7.  More still, Mr. Bowser sent two pieces of mail on June 25, 2018, before the filing deadline.  *Id.* ¶ 9.  He therefore could have sent a motion to the Court requesting an extension of time if he was denied access to his legal resources.  But he did not take that step.

Mr. Bowser responds with his own declaration, alleging that Ms. Postell is wrong.  *See* Reply in Supp. of Pl.'s Mot. for Relief from J., ECF No. 38.  But this declaration does not move the needle.  Mr. Bowser bears the burden to show that he is entitled to relief under Rule 59(e), *Arabaitzis*, 2018 WL 6530534 at * 2, and Mr. Bowser's self-serving declaration does not persuade the Court to disbelieve Ms. Postell, whose declaration is based on access to "housing records, telephone logs, mail logs, and library logs," Postell Decl., ¶¶ 3, 4, 6–9.  Indeed, the assertions in Mr. Bowser's declaration—that Ms. Postell "has never personally been to [his] housing unit" and the records she cites do not exist—are irrelevant and not credible, respectively.  And Mr. Bowser has cited no authority that would require the Court to credit his declaration over Ms. Postell's.

Naturally, Mr. Bowser's request for relief also fails under the more stringent Rule 60(b) standard.  *See Arabaitzis*, 2018 WL 6530534 at * 2 ("Relief under Rule 60(b) is more restrictive than under Rule 59(e).").  For the reasons already given, there was no "excusable neglect" here that would warrant relief under Rule 60(b)(1).  "[F]ault in the delay remains a very important

4

factor—perhaps the most important factor—in determining whether neglect is excusable."
*Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041 (10th Cir. 1994)). This "most important" factor cuts against Mr. Bowser.[1]

Nor is relief warranted under Rule 60(b)(6), because relief under that rule is appropriate only in "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). The only "extraordinary circumstances" Mr. Bowser cites is the jail staff allegedly denying him access to legal resources. *See* Pl.'s Mot. at 6. Having already found that Mr. Bowser has failed to carry his burden to offer convincing evidence that the jail staff denied him access to those resources, the Court similarly finds that he cannot show the "extraordinary circumstances" necessary for relief under Rule 60(b)(6).

## III.

In any event, the Court dismissed Mr. Bowser's claims against Sgt. Smith because he had not shown that Sgt. Smith's conduct violated "clearly established law," and thus Sgt. Smith had a right to qualified immunity. *See Bowser II*, 314 F. Supp. 3d at 33–35. The Court allowed Mr. Bowser to file an amended complaint to give him a chance to address the Court's decision dismissing his complaint, out of an abundance of caution. *See* October 9, 2018, Minute Order (holding Mr. Bowser's motion for relief in abeyance until he filed his amended complaint). But Mr. Bowser has essentially repleaded the same facts that supported his first complaint. *Compare* Pl.'s Compl., ECF No. 1 & Addendum, ECF No. 15 *with* Pl.'s Am. Compl. So putting aside Mr. Bowser's tardiness, his case cannot proceed anyway.

---

[1] Moreover, if Mr. Bowser claims that delay was because of his trying to obtain counsel, *see* Pl.'s Mot. at 5, "that 'excuse' has been rejected multiple times in this district." *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 99 (D.D.C. 2008) (citing *Flynn v. Pulaski Constr. Co.*, No. 02–2336, 2006 WL 47304, at *8 (D.D.C. Jan. 6, 2006); *Whittaker v. District of Columbia.*, 228 F.R.D. 378, 380 (D.D.C. 2005)).

Even liberally construing documents filed by this *pro se* litigant, *Erickson*, 551 U.S. at 94, Mr. Bowser's amended complaint—filed nearly six months after the Court's order dismissing his claim against Sgt. Smith—is materially identical to the complaint that the Court dismissed before. *Compare* Pl.'s Compl. & Addendum *with* Pl.'s Am. Compl. And Mr. Bowser still has not pointed to "clearly established law" that Sgt. Smith violated. Mr. Bowser has still alleged no new facts or pointed to any binding precedent that would alter the Court's decision, despite two additional bites at the apple. Indeed, Mr. Bowser's motion for relief from judgment does not address the substance of the Court's opinion. *See* Pl.'s Mot.

As the Court has explained, "courts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'" *Bowser II*, 314 F. Supp. 3d at 34 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018)). But Mr. Bowser still alleges a violation of clearly established law only at a high level of generality. As before, he alleges that Sgt. Smith violated a jail policy intended to protect against inmate assaults like the one he alleges. *See* Pl.'s Am. Compl. ¶¶ 3, 5. But "[a] mere violation of a prison policy, standing alone, does not violate the Constitution." *Bowser II*, 314 F. Supp. 3d at 34 (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)). And Mr. Bowser has still not pointed to case law showing that Sgt. Smith's conduct in this *specific* scenario violated clearly established law, as the Supreme Court requires, *see Wesby*, 138 S. Ct. at 577.

"Rule 59(e) . . . may not be used to relitigate old matters." *Leidos*, 881 F.3d at 217. And "a threshold requirement for obtaining relief under Rule 60(b)" is that "the movant can demonstrate a meritorious claim or defense to the motion upon which the district court dismissed the complaint." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (cleaned up).

But despite ample opportunity to address the Court's grounds for dismissing his complaint, Mr. Bowser has not shown that he has a meritorious claim and he seeks to relitigate the same matter with no new evidence or law. Thus, the Court will adhere to its decision that Mr. Bowser has failed to state a meritorious claim, and relief is not warranted under either Rule 59(e) or Rule 60(b)

"Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (cleaned up). Indeed, it "exits to protect officers 'from undue interference with their duties and from potentially disability threats of liability.'" *Lash v. Lemke*, 786 F.3d 1, 5 (D.C. Cir. 2015) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)). So deciding qualified immunity early avoids unnecessary litigation, *see Pearson*, 555 U.S at 236–42, and ensures that the immunity retains its value to officers like Sgt. Smith. This value is diluted by on-going litigation and its attendant uncertainty.

Ultimately, in balancing the interest in justice and the interest in protecting the finality of judgments, *see, e.g.*, *Summers v. Howard University*, 374 F.3d at 1188, 1193 (D.C. Cir. 2004), the scale here tips towards finality. Mr. Bowser's failure to comply with the Court's order was not the product of excusable neglect, "extraordinary circumstances," or manifest injustice. It stemmed from his own actions. What is more, after two years he has still not established a meritorious claim.

## IV.

For all these reasons, it is hereby

**ORDERED** that the Plaintiff's [32] Motion for Relief from Order of Dismissal is DENIED.  This case is dismissed with prejudice.

**SO ORDERED**.

This is a final, appealable Order.

Dated: February 4, 2019                                          TREVOR N. McFADDEN, U.S.D.J.